# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

v.                                                    No. 18-cv-1204 WJ/GJF

FNU STANFILL, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Amended Prisoner Civil Rights Complaint (**Doc. 5**). Also before the Court are Plaintiff's motions to waive the entire filing fee and commence discovery. (**Docs. 10, 11**). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, the Court will deny the motions and dismiss the Amended Complaint with prejudice.

## Background

Plaintiff was previously an inmate at the Curry County Detention Center (CCDC). At some point he developed a conflict with CCDC's counselor and chaplain, Donald Sawyer. Plaintiff believed Sawyer did "irreparable damage to [Plaintiff's] marriage" and caused his wife to file for divorce. (**Doc. 5 at 2**). The circumstances surrounding the divorce are unclear. In any event, Plaintiff disclosed his allegations about Sawyer to CCDC officials, but they allowed Sawyer to "return over and over again." *Id.* Plaintiff concedes he became "very upset" during Sawyer's visits, which would result in a disciplinary lock-down. *Id.*

In December of 2018, multiple CCDC guards made disparaging remarks towards Plaintiff. Sergeant Garcia stated he "couldn't wait to kick [Plaintiff's] ass." (**Doc. 5 at 2**). Sergeant

Stanfield allegedly called Plaintiff a "snitch" in front of other men in the B-D housing pod. A prison official named Lewis told Plaintiff: "I could have your ass beat for 2 soups and a snickers." *Id.* at 3.

That same month, Plaintiff moved in with a new cellmate. The cellmate, who was Sawyer's son-in-law, requested a broomstick from Officer Rowland, but Rowland refused. Sergeant Garcia later allowed the cellmate to have a broom. During a lockdown, the cellmate began to attack Plaintiff. They fought, and Plaintiff won. When Plaintiff emerged from his cell, he saw Sawyer in B-D pod. Plaintiff shouted at Sergeant Garcia to remove Sawyer, but Garcia "remained standing there watching [while] on the phone." (**Doc. 5 at 3**). Sawyer eventually moved to another area.

Construed liberally, the Amended Complaint raises claims under 42 U.S.C. § 1983 and the Eighth Amendment. Plaintiff names CCDC; Lewis; Stanfield; Garcia; Sawyer; and the "Counselor Licensing Board." He seeks over $1.4 million in damages and asks the Court to terminate Defendants from their employment at CCDC.

## **Standards Governing *Sua Sponte* Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, Plaintiff must comply with the applicable rules of procedure, and the Court will not act as his advocate. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

## **Analysis**

Section 1983 of Title 42 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

"[A] prison official's failure to protect an inmate from a known harm may constitute a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993). *See also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment" of the Constitution.).

To demonstrate a prison official was deliberately indifferent to a known harm, "the plaintiff must show both 'that the official was subjectively aware of the risk,' … and that the official 'recklessly disregard[ed] that risk.'" *Wilson v. Falk*, 877 F.3d 1209 (10th Cir. 2017). "In other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Howard v. Waide*, 534 F.3d 1227, 1236 (10th Cir. 2008) (quotations omitted).

The allegations here demonstrate Plaintiff was generally disliked by prison officials, but they do not show any particular Defendant knew about the risk of attack. At most, Plaintiff alleges Garcia gave the cellmate a broom and that Sawyer was "near the cell" after the fight. This information is too general to establish the subjective element of the deliberate indifference test. *See, e.g., Butler v. Rios*, 2017 WL 6803451, at *5 (W.D. Okla. Nov. 30, 2017) (being aware of a general conflict between groups of inmates "is not sufficient to demonstrate [d]efendant[s'] . . . knowledge of a specific, substantial risk of harm to [p]laintiff."). Further, even if Plaintiff could amplify his allegations regarding subjective intent, none of the pleadings allege he sustained any serious injuries. By his own admission, he won the fight. *See Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (inmate failed to state an Eighth Amendment failure-to-protect claim where "there is no allegation that he suffered any injuries from th[e] [housing] placement"); 42 U.S.C. § 1997e(e) (noting: "no Federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

For these reasons, the Complaint fails to state a claim upon which relief can be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *Sua Sponte* Leave to Amend is Not Necessary

Having determined the Complaint must be dismissed, the Court will *sua sponte* consider whether to allow Plaintiff to file a third amended pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts do not typically order an amendment when any amended claims would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, Plaintiff is well-versed in Eighth Amendment pleading standards. CM/ECF records indicate he has filed over 16 cases in this District, none of which resulted in relief in his favor. Further, he already amended his pleading in this case, describing essentially the same facts each time, and none of the documents indicate he suffered any serious injuries as a result of the fight. Plaintiff has also been released from prison and has not paid any portion of the filing fee. For these reasons, the Court declines to *sua sponte* grant leave to file a third amended pleading in this case. The Court will dismiss the Amended Complaint with prejudice and deny as moot the motions to waive the entire filing fee and commence discovery (**Docs. 10, 11**).

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B);

**IT IS FURTHER ORDERED** Plaintiff's Motion for Reconsideration of Filing Fee (**Doc. 10**) and Motion for Discovery (**Doc. 11**) are **DENIED** as moot.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE