# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

v.                                                       No. CIV 18-1204 WJ/GJF

FNU STANFILL, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Loydale Kirven's Motion to Reconsider (Doc. 19) (Motion). Kirven seeks reconsideration of a ruling dismissing his amended 42 U.S.C. § 1983 complaint. *See* Docs. 17, 18. The amended complaint alleges a jail chaplain somehow caused "irreparable damage" to Plaintiff's marriage, guards made disparaging comments, and that another inmate attacked Plaintiff. The Court determined the amended complaint failed to demonstrate a constitutional violation under the Eighth Amendment and 42 U.S.C. §§ 1983 and 1997e(e). The Court also observed Plaintiff had already amended his complaint; had been released from jail; and failed to pay any portion of the filing fee after obtaining leave to proceed *in forma pauperis*. For all of these reasons, the Court entered a judgment of dismissal on January 15, 2020.

Plaintiff filed the Motion on July 10, 2020, nearly six months after entry of the Judgment. The Court will therefore analyze the request for reconsideration under Fed. R. Civ. P. 60(b). *See Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). The Motion also alleges Plaintiff "had [an] issue with mailing [at] a former address." Doc. 19 at 1. This allegation can be construed as a request to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a)(6). The Tenth Circuit abated Plaintiff's out-of-time appeal while this Court considered his requests in the first instance.

*See* Doc. 23.  The Court will separately address each request below.

## I.  There Are No Grounds for Relief Under Rule 60(b)

As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud.  *See* Fed. R. Civ. P. 60(1)-(3).  Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."  However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief."  *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).  Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal."  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

The Motion does not allege mistake, excusable neglect, new evidence, or fraud.  Plaintiff merely amplifies, or in some cases alters, the allegations in the amended complaint (Doc. 5).  The Motion alleges Plaintiff is protected from attacks by officers; however, the amended complaint alleged he was attacked by a fellow detainee.  *Compare* Doc. 5 at 3; Doc. 19 at 1.  He also states Officer Garcia knew about the prospective harm "due to the reaction of Donald Sawyer," a visiting pastor.  *See* Doc. 19 at 1.  The Motion alleges Sawyer wanted Plaintiff to die; Sawyer sexually assaulted Plaintiff's wife; and that Sawyer's son-in-law was Plaintiff's cell mate.  As with the original complaint, none of these allegations demonstrate how prison guards were subjectively aware of the risk of attack.  The allegations also fail to address the other reasons for dismissal, such as the failure to prosecute.  The dismissal ruling notes that Plaintiff failed to make partial payments of the filing fee as directed and severed contact with the Court.  Finally, even if the Motion addressed these failures or cured the pleading defects, a party may not use Rule 60(b) to rehash issues previously addressed or "advance[e] new arguments … which were otherwise

available for presentation when the original" complaint was considered. *Van Skiver v. United States,* 952 F.2d 1241, 1244 (10th Cir. 1991). Accordingly, there are no grounds to set aside the Judgment under Rule 60(b).

## II.  The Appeal Period Cannot be Reopened Under the Circumstances of this Case

Rule 4(a)(6) rule permits district courts to reopen the appeal period when:

(A) the movant did not receive the judgment within 21 days after its entry;

(B) the movant files the motion within the earlier of: (i) 180 days after entry of the judgment,
or (ii) 14 days after the movant receives notice of the Judgment; and

(C) no party would be prejudiced.

*See* Fed. R. App. P. 4(a)(6). Plaintiff fails to describe the circumstances surrounding the alleged mailing delay or his receipt of the Judgment, as required by Subsections (A) and (B). The Court can only rule on the arguments before it, and without that information, it is impossible to calculate whether the Motion is timely under Rule 4(a)(6). The request to reopen the appeal period could be denied on that basis alone. *See Simpson v. Lundell*, 67 Fed. App'x 567, 570 (10th Cir. 2003) (declining to reopen appeal period, and noting plaintiff's conclusory statement that "It's not my fault that I didn't file my notice of appeal. I didn't know about your order" was "insufficient to alert the district court to [his] arguments"); *Panizza v. Mattel, Inc.*, 2004 WL 324893, at *1 (S.D.N.Y. Feb. 19, 2004) (The "Court is unable to make [the requisite] finding" under Rule 4(a)(6) because "Plaintiff … failed to allege when her attorney received the … notification").

Beyond this defect, any mailing delays are attributable to Plaintiff's own conduct. In the months leading up to the January 15, 2020 dismissal ruling, Plaintiff changed his address numerous times without notifying the Court, as required by local rule. *See* NMLR 83.5 ("parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their … mailing

address"). He notified the Clerk of his last known address - a residential dwelling - on August 19, 2019 (Doc. 16). Plaintiff was then detained and released from the Curry County Detention Center (CCDC) as follows:

> October 11, 2019:  Plaintiff is arrested and detained in CCDC.
>
> October 16, 2019:  Plaintiff is released to an unknown location.
>
> December 2, 2019:  Plaintiff is rearrested and detained in CCDC.
>
> December 4, 2019:  Plaintiff is released to an unknown location.
>
> January 5, 2020: Plaintiff is rearrested and detained in CCDC.
>
> January 10, 2020:  Plaintiff is released to an unknown location.
>
> January 30, 2020: Plaintiff is rearrested and detained in CCDC.
>
> September 1, 2020:  Plaintiff is released to an unknown location.

*See* http://lookup.curryjail.com/; *United States v. Muskett*, 970 F.3d 1233, 1237 (10th Cir. 2020) (taking judicial notice of federal inmate locator); *Triplet v. Franklin*, 365 Fed. App'x 86, 92 n.8 (10th Cir. Feb. 5, 2010) (taking judicial notice of state inmate-locator website); *United States v. Robles-Ortega*, 2009 WL 1969936, *1 n. 1 (10th Cir. July 9, 2009) (same).

Plaintiff never updated his address to reflect these changes, which appears to be why he never received the dismissal ruling entered January 15, 2020. The failure to provide an updated address for five months essentially guaranteed he would not receive notice of any ruling in his pending cases. The Court will not apply Rule 4(a)(6) so that plaintiffs can check in and out of prosecuting their cases, based on whim or custody status. The Tenth Circuit has also repeatedly suggested district courts have discretion to deny a motion to reopen the appeal period when the plaintiff is at fault for any notice defect. *See, e.g., Hogan v. Holton*, 986 F.2d 1427 (10th Cir. 1993) (unpublished) (denying relief under Rule 4(a)(6) where plaintiff "was out of prison when

the court's decision was entered," and explaining "it was his responsibility, not the clerk's, to ensure that the proper address was clear for mailing purposes"); *Baughman v. Ward*, 178 Fed. App'x 810, 812-13 (10th Cir. 2006) (explaining that prior to the adoption of Rule "4(a)(6) in 1991, we permitted district courts to" reopen the appeal period under Rule 60(b) where "a litigant ha[d], through no fault of his own, failed to receive notice of entry of judgment"); *Lathrop v. Oklahoma City Housing Authority*, 438 F.2d 914, 915 (10th Cir. 1971) (noting the Tenth Circuit has "charge[d] the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest"). *See also Benavides v. Bureau of Prisons*, 79 F.3d 1211, 1214 (D.C.Cir. 1996) ("If in a particular case the movant is at fault—if the movant negligently failed to notify the clerk of his change of address, for example—then the district court may, in its discretion, deny relief under Rule 4(a)(6)").

The Court also notes Plaintiff is currently attempting to reopen all of his closed cases. Plaintiff has filed at least 21 civil cases in this Court. *See* 06-cv-1212; 07-cv-958; 08-cv-187; 08-cv-878; 12-cv-1277; 13-cv-217; 14-cv-209; 15-cv-080; 16-cv-1110; 16-cv-1333; 16-cv-1361; 18-cv-971; 18-cv-1061; 18-cv-1204; 19-cv-078; 19-cv-321; 19-cv-322; 19-cv-324; 20-cv-401; and 20-cv-568. Like this case, many of the claims were against CCDC and its officers. Most cases were dismissed without prejudice for severing contact with the Court. However, by 2019, the Court determined Plaintiff had accrued three strikes under 28 U.S.C. § 1915(g) and could not proceed *in forma pauperis* in his new cases, absent imminent danger. *See, e.g.,* 19-cv-321; 19-cv-322; 20-cv-568; 28 U.S.C. § 1915(g) (A strike is accrued when the Court dismisses a prisoner complaint as frivolous, malicious, or for failure to state a cognizable claim). This year, Plaintiff filed motions to reconsider and reopen in several cases, including this one. *See* 18-cv-1204; 19-cv-324; 20-cv-401. The Clerk's Office also advised chambers that in September 2020, Plaintiff

made an informal request for copies of 30 old case files. It appears Plaintiff wishes to reopen closed cases after learning he cannot afford to litigate new claims.

Plaintiff's attempt to reopen his old cases is not a relevant factor under Rule 4(a)(6), nor did the Court rely on it in deciding whether the reopen the instant appeal period. Prolific filers can have valid claims, and they have the same due process rights as everyone else. The Court merely notes the filing strategy, along with Plaintiff's frequent moves and threadbare allegation that he "had [an] issue with mailing [at] a former address," to give further context to the issues of notice and prejudice. It would be unfair to the defendants and other litigants if Rule 4(a)(6) allowed a plaintiff-inmate to sever contact with the Court, only to research the matter and renew the prosecution when he returns to jail. The *pro se* inmates who are imprisoned for longer periods, or who diligently update their address, do not receive this benefit. Moreover, the finality of a judgment cannot depend on the plaintiff's custody status or level of interest at the time of its entry.

For these reasons, the Court will deny Plaintiff's request to reopen the appeal period under Rule 4(a)(6) and/or set aside the judgment under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (**Doc. 19**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **FORWARD** a copy of this Order to the Tenth Circuit Court of Appeals.

**SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE